IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 MAR 30  A 10: 12
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § |
| | §  Civil Action No. SA07CA0279 XR |
| v. | § |
| | §  **COMPLAINT** |
| BIG FISH ENTERPRISES D/B/A THE COAST, | §  **JURY TRIAL DEMAND** |
| | § |
| Defendant. | § |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Crystal Blunt, who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Crystal Blunt was subjected to unlawful discrimination when Defendant Big Fish Enterprises d/b/a The Coast (hereinafter "Defendant" or "The Coast") failed to promote her to the Promotional Manager position because of her pregnancy. The EEOC further alleges that the Coast discriminated against Crystal Blunt when her hours were reduced and she was constructively discharged from her position as a bartender with the Coast, because of her pregnancy.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

### PARTIES

3.  Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, The Coast, has continuously been a Texas Corporation doing business in the State of Texas in the City of San Antonio and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant, The Coast, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

### STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Crystal Blunt filed a charge with the Commission alleging violations of Title VII by Defendant, The Coast.

7.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least August 2005, the Defendant, The Coast, has engaged in unlawful employment practices at its San Antonio, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) as amended by Section 701(k), 42 U.S.C. § 2000e(k). The unlawful practice was to discriminate against Crystal Blunt on the basis of her sex, female:

   a.  when she was not promoted to the Promotional Manager position because of her

      pregnancy;

      b. by reducing her hours because of her pregnancy; and

      c. by constructively discharging her on or about September 22, 2005 because she was pregnant.

9. The effect of the practices complained of in paragraph eight above has been to deprive Crystal Blunt of equal employment opportunities and to otherwise adversely affect her status as an employee because of her pregnancy.

10. The unlawful employment practices complained of in paragraph eight above were intentional.

11. The unlawful employment practices complained of in paragraph eight above were done with malice or with reckless indifference to the federally protected rights of Crystal Blunt.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, The Coast, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in conduct which results in failure to promote, reduction in hours or discharge because of pregnancy, or any other employment practice which discriminates on the basis of sex;

B. Order Defendant, The Coast, to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant, The Coast, to make whole Crystal Blunt, by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices,

including, but not limited to, the reinstatement of Crystal Blunt, or front pay in lieu thereof;

D. Order Defendant, The Coast, to make whole Crystal Blunt, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight above, including, but not limited to, job search expenses and medical expenses, in an amount to be determined at trial;

E. Order Defendant, The Coast, to make whole Crystal Blunt, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph eight above, including, but not limited to, emotional pain, suffering, humiliation, embarrassment, emotional distress, stress, anxiety, inconvenience, and loss of enjoyment of life, in an amount to be determined at trial;

F. Order Defendant, The Coast, to pay Crystal Blunt punitive damages for its malicious and reckless conduct described in paragraph eight above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____ by Robert B Harwin with permission
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

_____
ROBERT B. HARWIN
Associate Regional Attorney
District of Columbia Bar No. 076083

_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

_____
JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240
E-mail: jennifer.randall@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**

5